UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| STACEY BRUMFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.:   1:22-cv-44 |
| v. | ) | |
| | ) | |
| TRILOGY MANAGEMENT | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      This is an employment discrimination action brought by Plaintiff, Stacey

Brumfield ("Brumfield"), by counsel, against Trilogy Management Services, LLC

("Defendant") for its discriminatory and retaliatory actions taken against her based on her

religion and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act of 1990("ADA"), as

amended 42 U.S.C. § 12101 *et seq.*

### II. PARTIES

2.      At all relevant times to this action, Brumfield resided within the Southern

District of Indiana.

3.      Defendant is a corporation which maintains offices and conducts business in the

geographical boundaries of the Southern District of Indiana

### III. JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117(a).

5.      Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5).

6.      Brumfield is an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4).

7.      Brumfield exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and the Indiana Civil Rights Commission. Brumfield received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

8.      All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

9.      Brumfield was hired by Defendant on or about March 17, 2020, at Defendant's St. Charles Health Campus. During her employment, Brumfield met or exceeded Defendant's legitimate performance expectations.

10.     On or around March 2021, Defendant enacted a COVID-19 Vaccine Mandate ("Mandate"). The Mandate went into effect on or around May 1, 2021. Additionally, Defendant created a process under the mandate for religious and medical exemptions.

11.     Said Mandate discriminated against non-vaccinated individuals by viewing and/or perceiving said non-vaccinated employees as having a disability that substantially limits a major life activity, including the function of the non-vaccinated employee's immune system.

12.     On or around June 2021, Brumfield timely submitted a religious exemption according to Defendant's policy. Defendant subsequently denied Brumfield's exemption.

13.     On or around July 2021, Jon Howard ("Howard"), Executive Director, sent out a company-wide email amending the Mandate. Howard stated that the Defendant would allow its employees to sign a "pledge" that they would agree to be vaccinated against COVID-19 within 30 days of an FDA approval for any vaccine. Brumfield declined to sign the "pledge" as she opposed receiving the vaccine based on her sincerely held religious beliefs.

14.     On or around July 6, 2021, Brumfield was terminated for failing to receive one of the COVID vaccines under Defendant's self-imposed Mandate.

15.     Prior to her termination, Brumfield complied with Defendant's COVID-19 policies, which included: wearing a mask, social distancing, and wearing Personal Protective Equipment ("PPE"), which were held out as appropriate and secure against COVID by Defendant.

16.     Any employee granted an accommodation under the Mandate may be required to wear additional PPE and/or be subject to additional work restrictions.  These additional requirements/restrictions were the same policies that Brumfield was already adhering to prior to her termination.

**V. CAUSES OF ACTION**

**COUNT I – TITLE VII – RELIGIOUS DISCRIMINATION**

17.     Brumfield hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint as if it were set forth at length herein.

18.     Brumfield was discriminated against based on her sincerely held religious belief when she was subject to less favorable terms and conditions in her employment and when her religious accommodation request was denied.

19.     Defendant discriminated against Brumfield on the basis of her closely held religious beliefs by subjecting her to disparate treatment.

20.     Defendant discriminated against Brumfield on the basis of her closely held religious beliefs by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

21.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

22.     Defendant's conduct was deliberate, willful, and in reckless disregard for Brumfield's civil rights.

23.     Brumfield has suffered damages as a result of Defendant's unlawful conduct.

## COUNT II – TITLE VII - RETALIATION

24.     Brumfield hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint as if the same were set forth at length herein.

25.     Brumfield engaged in protected activity when she submitted a request for a religious accommodation for Defendant's COVID-19 vaccination mandate.

26.     Defendant retaliated against Brumfield by terminating her after she requested an accommodation for her sincerely held religious belief.

27.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

28.     Defendant's conduct was intentional, willful, and in reckless disregard of Brumfield's rights.

29.     Brumfield has suffered damages as a result of Defendant's unlawful conduct.

## COUNT III – ADA - DISCRIMINATION

30.     Brumfield hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint as if the same were set forth at length herein.

31.     Brumfield was discriminated against based on her actual or perceived disability when she was subject to less favorable terms and conditions in her employment and when her medical accommodation request for the COVID-19 vaccine mandate was denied.

32.     Defendant discriminated against Brumfield on the basis of her disability by subjecting her to disparate treatment.

33.     Defendant discriminated against Brumfield on the basis of her disability by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

34.     Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

35.     Defendant's conduct was intentional, willful, and in reckless disregard of Brumfield's civil rights.

36.     Brumfield has suffered damages as a result of Defendant's unlawful conduct.

## COUNT IV – ADA – RETALIATION

37.     Brumfield hereby incorporates paragraphs one (1) through thirty-six (36) of her Complaint as if the same were set forth at length herein.

38.     Brumfield engaged in a protected activity when she requested a medical accommodation for Defendant's COVID-19 vaccine mandate.

39.     Defendant retaliated against Brumfield by terminating her after she requested a medical accommodation.

40.     Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. 12010 *et seq.*

41.     Brumfield has suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Stacey Brumfield, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstatement to her original position and salary she would have enjoyed but for Defendant's unlawful actions, or front pay in lieu thereof;

2.     Award Brumfield back pay she would have earned, including benefits and interest, but for Defendant's unlawful actions;

3.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5.     Compensatory damages for Defendant's violations of Title VII and the ADA;

6.     Punitive damages for violations of Title VII and the ADA;

7.     All costs and attorney's fees incurred as a result of bringing this action;

8.     Pre- and post-judgment interest on all sums recoverable; and

9.     All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,


*/s/Taylor Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Stacey Brumfield*


## DEMAND FOR JURY TRIAL

Plaintiff, Stacey Brumfield, by counsel, requests a trial by jury on all issues deemed so triable.


Respectfully submitted,


*/s/Taylor Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Stacey Brumfield*